ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 22 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| TENA LYNN, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| vs. | ) ) | FILE NO. |
| TITLEMAX OF GEORGIA, INC., | ) ) ) | 1:10-CV-1212 -GF |
| Defendant. | ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

Tena Lynn, ("Plaintiff"), brings this action against Defendant by and through her attorney and alleges as follows:

1.

Plaintiff, Tena Lynn, ("Plaintiff"), brings this action, on behalf of herself and others similarly situated, against Defendant for overtime compensation, minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff is a store manager and performed related activities for Defendant in, among others, Gwinnett County, Georgia. This action is brought under the FLSA to recover from Defendant

overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (2).

## PARTIES

4.

Plaintiff, Tena Lynn is a resident of Snellville, Georgia located in Gwinnett, Georgia and was employed by Defendants as a unit manager from October 31, 2005 thru present. Plaintiff has concurrently filed her Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b). *See Exhibit A.*

5.

Defendant, TitleMax of Georgia, Inc., is a Georgia Corporation that operates and conducts business in, among others, Gwinnett County, GA, and is therefore within the jurisdiction of this Court.

6.

TitleMax of Georgia, Inc. is an employer as defined by 29 U.S.C. 201 et. seq. Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on Registered Agent CT Corporation System, 1201 Peachtree Street NE, Atlanta, GA 30361.

## VIOLATIONS OF THE FLSA

7.

At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203 (r) and 203 (s).

8.

For jurisdictional purposes of the FLSA, Plaintiff is also individually covered by the FLSA because she was engaged in interstate commerce during her employment with Defendant.

9.

At all times relevant Plaintiff has been an employee of Defendant within the meaning of FLSA.

10.

At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because during her employment with Defendants, Plaintiff, and those similarly situated to her, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more work weeks.

11.

Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated to her, are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

12.

Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

13.

Plaintiff, and those similarly situated, are entitled to receive proper payment of time and one-half their regular rate of pay for each hour worked in excess of

forty (40) hours per work week. During her employment with Defendant, Plaintiff, and those similarly situated, routinely worked overtime hours but were not properly compensated for same.

14.

As a result of Defendant's intentional, willful and unlawful acts by refusing to properly pay Plaintiff, and those similarly situated to her, their regular rate of pay for each hour worked in one or more weeks of employment with Defendants, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

15.

As a result of Defendants' willful violation of the FLSA, Plaintiff, and those employees similarly situated, are entitled to liquidated damages.

## COUNT II – RECOVERYOF MINIMUM WAGE COMPENSATION

17.

Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-12.

18.

Plaintiff, and those similarly situated, were entitled to be paid minimum wage for each hour they worked during their employment with Defendant.

19.

Defendant willfully failed to pay Plaintiff minimum wage for all hours worked with Defendant contrary to 29 U.S.C. § 206.

21.

As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

### JURY DEMAND

PLAINTIFF REQUESTS A JURY FOR ALL ISSUES APPROPRIATE FOR THE JURY.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for payment of all overtime hours at one and one-half of the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, minimum wages for all hours worked, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this the 22 day of April, 2010.

                                                Deirdre M. Stephens Johnson
Morgan & Morgan PA
GA Bar No: 678789
191 Peachtree Street NE Ste 4200
Atlanta, GA 30303
Phone: 404-965-8811
Attorney for Plainitff