IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TENA LYNN, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| vs. ) | FILE NO. 1:10-CV-1212-JEC |
| ) | |
| ) | JURY TRIAL DEMANDED |
| TITLEMAX OF GEORGIA, INC., ) | |
| ) | |
| Defendant. ) | |

FILED IN CHAMBERS
U.S.D.C. Atlanta
JUN 23 2010
James N. Hatten, Clerk
By: _____ Deputy Clerk

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW Plaintiff, Tena Lynn ("Plaintiff"), and Defendant TitleMax of Georgia, Inc. ("TitleMax") (collectively, the "Parties"), by and through their undersigned counsel, and hereby file this Joint Motion for Approval of Settlement Agreement. In support, the attorneys for the Parties state as follows:

Plaintiff and Defendant hereby request approval of the Parties' executed Settlement Agreement that was made available to the Court for *in camera* review. Because the Plaintiff's claims arise under the FLSA, the Parties seek the Court's approval of the Settlement Agreement.

## Citation of Legal Authorities

Pursuant to the case law regarding settlement of FLSA claims, there are three ways in which claims under the FLSA can be settled and released by an employee. First, the FLSA allows an employee to settle and waive his or her claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court approves the fairness of the settlement. Id.; see also Schulte, Inc. v. Gandi, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); Jarrad v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947). Third, the parties to a FLSA claim may settle the claim without judicial approval if the plaintiff will receive all of the relief to which he or she would be entitled if his or her claims were proven. Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of this action, the Parties were represented by experienced counsel.

The Parties agreed that the instant action involved disputed issues. The Parties further agreed that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and her counsel discussed the Plaintiff's alleged overtime hours and pay rate and formulated her proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

## Conclusion

The parties respectfully request that this Court approve their Settlement Agreement and dismiss the instant action as well as any and all other pending claims between them with prejudice.

[Counsel's signatures appear on the following page.]

Respectfully submitted this ___ day of _____, 2010.

| MORGAN & MORGAN, P.A. | MORRIS, MANNING & MARTIN, LLP |
|---|---|
| /s/ Deirdre M. Stephens | /s/R. Jason D'Cruz |
| Deirdre M. Stephens, Esq. | R. Jason D'Cruz |
| Georgia Bar No. 678789 | Georgia Bar No. 004740 |
| 191 Peachtree Street, NE | Brian M. Harris |
| Suite 4200 | Georgia Bar No. 331579 |
| Atlanta, Georgia 30303 | |
| Telephone: (404) 965-8811 | 1600 Atlanta Financial Center |
| Facsimile: (404) 965-8812 | 3343 Peachtree Road, N.E. |
| | Atlanta, Georgia 30326-1044 |
| Attorneys for Plaintiff | Telephone: (404) 233-7000 |
| Tena Lynn | Fax: (404) 365-9532 |
| | |
| | Attorneys for Defendant |
| | TITLEMAX OF GEORGIA, INC. |

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TENA LYNN, ) | |
| ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | FILE NO. 1:10-CV-1212-JEC |
| vs. ) | |
| ) | |
| TITLEMAX OF GEORGIA, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on this ▓▓ day of ▓▓▓▓▓, 2010 a true and correct copy of the foregoing document entitled JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT has been served via the Court's ECF system to all counsel of record.

MORRIS, MANNING & MARTIN, LLP

/s/R. Jason D'Cruz
Attorney for TitleMax of Georgia, Inc.